**DINSMORE & SHOHL LLP**
RACHEL L. McCLINTOCK, SB# 262006
　E-Mail: Rachel.McClintock@dinsmore.com
BRIANA KUTINSKY, SB# 340723
　E-Mail: Briana.Kutinsky@dinsmore.com
550 S. Hope Street, Suite 1765
Los Angeles, California 90071
Telephone: 213.335.7736

Attorneys for Defendants
WALMART INC. (erroneously sued as
WALMART, INC.) and WAL-MART
ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LETICIA VERA CASTANEDA, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware Corporation; WAL-MART ASSOCIATES, INC., a Delaware Corporation; PAUL DOE; an Individual; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No.: 5:25-cv-01253<br><br>**DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL**<br><br>Dept.: TBD<br>Judge: TBD<br>Complaint Filed:　April 21, 2025<br>Trial Date:　　　Not Yet Set |

　　　Defendants Walmart Inc. (erroneously sued as Walmart, Inc.) and Wal-Mart Associates, Inc. (hereinafter and collectively "Defendants"), by counsel and pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446, hereby give notice of the removal of the above-styled action to this Court. In support of their Notice of Removal, Defendants state as follows:

## THE STATE COURT ACTION

　　　1.　On April 21, 2025, Plaintiff Leticia Vera Castaneda ("Plaintiff") filed a complaint against Defendants in the Superior Court of Riverside, California in the

matter entitled *Leticia Vera Castaneda v. Walmart, Inc., Wal-Mart Associates, Inc, Paul Doe, and Does 1 through 50,* Case No. CVME2504177. Plaintiff alleged the following causes of action against Defendants: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Provide Reasonable Accommodation in Violation of the FEHA; (3) Failure to Engage in Good Faith Interactive Process in Violation of the FEHA; (4) Harassment/Hostile Work Environment in Violation of the FEHA; (5) Failure to Prevent Harassment/Hostile Work Environment in Violation of the FEHA; (6) Retaliation in Violation of the FEHA; (7) Failure to Permit Use of Available Sick Leave in Violation of Labor Code Sections 233 and 234; (8) Wrongful Termination in Violation of Public Policy. *See* Ex. A, Complaint. Plaintiff's Harassment/Hostile Work Environment in Violation of the FEHA, Failure to Prevent Harassment/Hostile Work Environment in Violation of the FEHA, and Wrongful Termination claims are also pled against "Paul Doe." (*See* Declaration of Briana J. Kutinsky ("Kutinsky Decl."), Ex. A, Complaint, ¶¶53-66, 85-91).

  2. On May 22, 2025, Defendants filed their Answer to the Complaint. (Kutinsky Decl., ¶12, Ex. I).

  3. In accordance with 28 U.S.C. § 1446(a), in addition to the Complaint (Kutinsky Decl., ¶4, Ex. A), the state court action contains the additional process, pleadings and orders: Summons Issued and Filed. (Kutinsky Decl. ¶5, Exhibit B); Certificate of Counsel (Kutinsky Decl. ¶6, Exhibit C); Civil Case Cover Sheet (Kutinsky Decl. ¶7, Exhibit D); Notice of Department Assignment (Kutinsky Decl. ¶8, Exhibit E); Notice of Case Management Conference Complaint for Wrongful Termination (Over $35,000) (Kutinsky Decl. ¶9, Exhibit F); Proof of Service on Complaint for Wrongful Termination ($35,000) (Kutinsky Decl. ¶10, Exhibit G); Proof of Service on Complaint for Wrongful Termination ($35,000) (Kutinsky Decl. ¶11, Exhibit H).

  4. No further proceedings have occurred in the State Court Action.

5. To the best of Defendants' knowledge, although fictitious "Doe" Defendants are listed on the Complaint, no other defendants have been properly named or served with the Complaint. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

6. Defendants were served with, and actually received a copy, of the State Court Action on April 22, 2025, within thirty (30) days of this Notice of Removal.

## REMOVAL PROCEDURES AND VENUE

7. This Notice of Removal is filed within thirty (30) days of Defendants' notice of the lawsuit and is timely filed in accordance with 28 U.S.C. § 1446(b). Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

8. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice to Plaintiff.

9. Pursuant to 28 U.S.C § 1446(d), Defendants will also file a duplicate copy of this Notice with the Clerk of the Superior Court for Riverside, California.

10. In accordance with 28 U.S.C. § 1446(b), venue is properly placed in the United States District Court for the Central District of California – Eastern Division because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of Riverside).

11. Further, this action is not an action made non-removable by 28 U.S.C. § 1445(c).

## COMPLETE DIVERSITY OF CITIZENSHIP

12. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. A person is a citizen of the state in which he or she domiciled. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).) "A person's domicile is her permanent home, where she resided with the intention to remain or to which she intends

to return." (*Id.* (citing, *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).)

14. [T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence,…location of personal and real property,…place of employment or business, driver's license and automobile registration, and payment of taxes." (*Lew*, 797 F.2d at 750.) Allegations of residency in a state court complaint are prima facie evidence of domicile and create a rebuttable presumption of domicile supporting diversity of citizenship.(*See*, *e.g.*, *Gutterman v. Wachovia Mortgage*, No. 11-CV-1611-GAF-CW, 2011 WL 2633167, *4 (C.D. Cal. Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish his domicile in California*); Sadeh v. Safeco Ins. Co.*, No. CV-12-03117- SJO-PLA, 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (a person's residence can be prima facie evidence of citizenship).)

15. Plaintiff is an individual residing in the State of California. (Declaration of Briana J. Kutinsky ("Kutinsky Decl."), ¶16). Plaintiff also alleges she worked for Defendants at their work site in Riverside, California. (Ex. A, at ¶¶1, 8). Accordingly, Plaintiff is a citizen of the State of California for the purposes of diversity jurisdiction within the meaning of 28 U.S.C. § 1332.

16. For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located.

17. Defendants Walmart Inc. and Wal-Mart Associates, Inc. are incorporated in the state of Delaware with its principal place of business located in Arkansas. Accordingly, Walmart is a citizen of the state of Delaware and the state of Arkansas.

18. In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendants sued under fictitious names, such as John Doe, is disregarded. *See* U.S.C. § 1332(b)(1).

19. The alleged citizenship of "Paul Doe" should be disregarded because Plaintiff has not pled "allegations that concern the Doe Defendants [that] provide a

reasonable indication of their identity, the relationship to the action, and their diversity destroying citizenship." *Moch v. N & D Restaurants, LLC*, No. 8:24-CV-01501-JVS-JDE, 2024 WL 4213587, at *3 (C.D. Cal. Sept. 16, 2024) (citations omitted). Because Plaintiff has not given "a definite clue about the identity of the fictitious defendant," the citizenship of the Court should not consider the citizenship of the Doe Defendants. *Mason v. Home Depot U.S.A., Inc.*, No. 24-CV-02428-MRA (MAR) 2024 WL 3029500, at *2–3 (C.D. Cal. June 17, 2024) (citations omitted).)

20.  As Plaintiff is a citizen of California and Defendants are citizens Delaware and Arkansas, complete diversity of citizenship between the parties exists. 28 U.S.C. § 1332(a). On information and belief, Defendants Walmart Inc. and Wal-Mart Associates, Inc. are the only defendants who have been served in the State Court Action. If the Court is inclined to consider the alleged citizenship of "Paul Doe," Plaintiff alleges these unknown individuals reside in California. Nonetheless the so-called "forum defendant rule" does not bar removal here because "Paul Doe" has not been "properly joined *and* served." 28 U.S.C. § 1441(b)(2) (emphasis added); *see, e.g., Dechow v. Gilead Scis., Inc.,* 358 F. Supp. 3d 1051, 1054, 2019 U.S. Dist. LEXIS 22049, *6 ("The text of § 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *Colo. Seasons, Inc. v. Friedenthal*, 2020 U.S. Dist. LEXIS 84645, *11 ("In light of the text of § 1441(b)(2) and the cases that have interpreted it, § 1441(b)(2) does not preclude the removal of an action in which a forum defendant has been named in the complaint, but has not yet 'properly joined and served.' A contrary interpretation would, in effect, either read 'served' out of the statute or read into it a requirement of a fact-intensive inquiry to determine whether there was a reasonable opportunity for service of the unserved defendant prior to removal."); *H.K. Cont'l Trade Co. v. Natural Balance Pet Foods*, 2023 U.S. Dist. LEXIS 53418, *10, 2023 WL 2664246 (§ 1441(b)(2) does not preclude the removal of an action in which a forum defendant has been named in the complaint, but has not yet 'properly joined and

served'"; *see also Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 921, 2019 U.S. Dist. LEXIS 128989, *12-13, 2019 WL 3500325; *Zirkin v. Shandy Media, Inc.*, 2019 U.S. Dist. LEXIS 24540, *5-6, 2019 WL 626138. Additionally, the Second and Third Circuits have recently held that snap removal is permitted; *see, e.g. Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018). The Fifth Circuit also agreed with the Second and Third Circuits. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020).

21. Regardless, of "Paul Doe" not being properly joined or served, citizenship may be disregarded as he is a sham defendant. "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). *See United Comput. Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 761 (9th Cir. 2002) ("If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity.")

22. Plaintiff has asserted three causes of action against "Paul Doe": harassment/hostile work environment, failure to prevent harassment/hostile work environment, and wrongful termination. (Ex. A, at ¶¶53-66, 85-91).

23. First, to prevail on a claim of harassment/hostile work environment against unknown individual "Paul Doe," Plaintiff must show: (1) she was subject to unwanted harassing conduct by "Paul Doe;" (2) the harassment was based on her membership in a protected class; and (3) that the harassing conduct was sufficiently

severe or pervasive so as to alter the conditions of employment and create an abusive working environment. (*Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590, 608 (1989).) The Complaint contains no allegations that "Paul Doe" engaged in any conduct that could be construed as harassment, let alone severe or pervasive harassment based on disability. (Ex. A, ¶¶1-91).

24. The inclusion of "Paul Doe" is improper as Plaintiff fails to state and could not recover on a harassment cause of action under the well-settled rules of California. The Complaint alleges "Paul Doe" would place Plaintiff in self-checkout and force her to stand throughout her shift. (Ex. A, at ¶15). She alleges he stated "words to the effect of I don't care and you're not special" after informing him of her restriction. (Ex. A, at ¶15). First, there were no facts provided that Plaintiff was placed in self-checkout due to her disability. Being placed in self-checkout in and of itself is not an act of harassment. Second, Plaintiff only alleges "Paul Doe" "stated words to the effect," yet could not state any actual words spoken to her. Further, the alleged "words to the effect" were only that Plaintiff is not special and "Paul Doe" did not care. (Ex. A, at ¶15). This comment is not alleged to even be about a disability and does not give rise to a harassment claim.

25. "Paul Doe's" alleged instruction to work in self-checkout is not even actionable harassment. (*See Janken v. GM Hughes Electronics* 46 Cal.App.4th 55, 64-65 (1996) ["[C]ommonly necessary personnel management actions such as . . . job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, . . . deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment."].) It is well established that work assignments and directions are personnel management actions. (*Ibid.*) Likewise, it is well-established that "personnel management" actions do not come within the meaning of harassment. (*Id.* at 64 ["[T]he exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in

harassment."].)

26. Additionally, Plaintiff cannot assert a failure to prevent harassment/hostile work environment claim or a wrongful termination against "Paul Doe" as he was not Plaintiff's employer and there are no allegations that he was. Plaintiff in fact alleges "Paul Doe" was an employee and supervisor. (Ex. A, at ¶4). There are no factual allegations that "Paul Doe" was Plaintiff's employer. (Ex. A, at ¶¶1-91).

27. Plaintiff cannot assert a wrongful termination cause of action against "Paul Doe." As a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy." (*Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal.App.4th 32 (2000); citing *Weinbaum v. Goldfarb, Whitman & Cohen* 46 Cal.App.4th 1310, 1315 (1996) ("there is nothing in Foley or in any other case we have found to suggest that this tort imposes a duty of any kind on anyone other than the employer"); *see Jacobs v. Universal Dev. Corp.*, 53 Cal.App.4th 692, 704 (1997) ("only an employer can be liable for tortious discharge").) The rationale behind such a rule is clear: "the duty on which the tort is based is a creature of the employer-employee relationship, and the breach of that duty is the employer's improper discharge of an employee." (*Weinbaum*, at 1315). Thus, Plaintiff cannot assert a wrongful termination cause of action against alleged employee and supervisor "Paul Doe," Individually.

28. Plaintiff can likewise not assert against "Paul Doe" a cause of action for failure to prevent harassment/hostile work environment under the FEHA. It is well settled that the FEHA prohibits only an employer from engaging in unlawful discrimination. (*See Vernon v. State,* 116 Cal.App.4th 114, 123 (2004); *see also Fitzsimons v. California Emergency Physicians Medical Group*, 205 Cal.App.4th 1423, 1426-1427 (2012) [FEHA "predicates liability on the status of the defendant as an employer"].) As mentioned above, "Paul Doe" is only alleged to be an employee and supervisor; there are no facts alleged that he was Plaintiff's employer. (Ex. A, at ¶1-91).

29. Defendants presume causes of action one through three and six under the FEHA for disability discrimination, failure to provide reasonable accommodations, failure to engage in good faith interactive process, and retaliation are mistakenly drafted as alleged against "All Defendants Walmart Inc. and Wal-Mart Associates, Inc. only." (Ex. A, at ¶¶25-52, 67-75). Given the word "only" is used with these claims and in reference to the corporate defendants, Defendants presume Plaintiff does not intend to allege causes of action one through three and six against "Paul Doe." However, should the court interpret it a different way, they are improperly pled against "Paul Doe" for the same reason the failure to prevent claim is not sustainable against "Paul Doe," an individual, as articulated above. All of these causes of action are actions brought under the Fair Employment and Housing Act (FEHA), and fail because Defendant was not Plaintiff's employer during the relevant period. The complaint specifically alleges "Paul Doe" was an employee, and, as such, none of these causes of action can be alleged against "Paul Doe." (Exhibit A, at ¶4). (See Vernon v. State (2004) at 123; see also Fitzsimons v. California Emergency Physicians Medical Group (2012) at 1426-1427 [FEHA "predicates liability on the status of the defendant as an employer"].) Thus, causes of action one through three and six fail as pled against "John Doe."

30. Accordingly, Plaintiff fails to state a cause of action against "Paul Doe" and, therefore, could not possibly recover against him.

31. Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

## AMOUNT IN CONTROVERSY

32. An action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

33.     Plaintiff seeks, *inter alia*, general and special (economic and non-economic) damages, exemplary (punitive) damages, prejudgment interest, and attorneys' fees and costs of suit incurred. (Ex. A, at pg. 15).

34.     As for lost wages, Plaintiff has been out of work for approximately fifty-six (56) weeks as of the time this Notice of Removal was filed. (Ex. A, at ¶ 21). At the time of his termination, Plaintiff was a non-exempt employee earning $17.00 an hour as a full time employee. (Kutinsky Decl.," at ¶16). Assuming Plaintiff worked forty (40) hours a week and has been unable to find comparable replacement work, Plaintiff's back pay would be $38,080 in lost wages alone. Conservatively estimating a trial date, one year from removal, Plaintiff's lost wages alone would total $73,440.

35.     While Plaintiff has not specifically stated the amount of non-economic damages in her Complaint, Courts in the Central District have regularly found it appropriate to apply a 1:1 ratio of emotional distress damages relative to economic damages for purposes of calculating the amount in controversy requirement. *See Cotoc v. Dolex Dollar Express, Inc.*, 2021 U.S. Dist. LEXIS 161240, at * 15-16 (C.D. Cal. August 25, 2021) (applying a 1:1 ratio for non-economic damages for calculating amount in controversy in an employment action); *Cuevas v. Lowes Home Ctrs., LLC*, 2020 U.S. Dist. LEXIS 206629, at *14 (C.D. Cal. Aug. 5, 2020) (same); *Garfias v. Team Indus. Servs., Inc.*, 2017 U.S. Dist LEXIS 167370, at *12 (C.D. Cal. Oct. 10, 2017) (same).  As such, Plaintiff's total non-economic damages may also be calculated at $73,440 for purposes of determining the amount in controversy requirement. Therefore, a calculation of lost wages and earnings coupled with Plaintiff's purported emotional distress totals $146,880.

36.     While Defendants dispute punitive damages are warranted, Plaintiff also seeks punitive damages. (Ex. A, pg. 15). While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages. *See Perez v. CarMax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S.

408, 425 (2003)); *See also Mahim Khan v. Hologram USA Inc. et al.*, Case No. BC654017, 2019 Jury Verdicts LEXIS 125655 (Dec. 2, 2019) (Los Angeles jury awarding $50 million in punitive damages in a sexual harassment case). Assuming on the low end that punitive damages are calculated at the same amount of Plaintiff's actual damages, Plaintiff's damages are more than three and a half times the statutory minimum for the amount in controversy requirement.

37. Finally, Plaintiff also requests attorneys' fees and costs. (Ex. A, pg. 15). Where the law entitles a plaintiff to recover reasonable attorney fees, "a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *See Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). Notably, this includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018). "Attorneys' fees in individual discrimination cases often exceed the damages." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

38. Accordingly, based on the significant and varied alleged sources of damages above, Defendants asserts in good faith that the total amount "at stake" for Plaintiff's claims exceeds $75,000.

39. Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by Defendants pursuant to 28 U.S.C. § 1441(a).

## RESERVATION OF RIGHTS

40. Defendants deny the allegations contained in Plaintiff's Complaint. Defendants file this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

41. Further, in making the assertions in this Notice of Removal, Defendants do not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that

1  Plaintiff is entitled to recover any amounts sought.

2   42.   Defendants further reserve the right to amend or supplement this Notice of Removal as appropriate.

WHEREFORE, Defendants respectfully request that this action be removed to the United States District Court for the Central District of California, and the Superior Court of California, County of Riverside proceed no further with respect to this action.

Respectfully submitted,

DATED: May 22, 2025          DINSMORE & SHOHL LLP


By: */s/ Briana J. Kutinsky*
RACHEL MCCLINTOCK
BRIANA J. KUTINSKY
Attorneys for Defendants,
WALMART INC. and
WAL-MART ASSOCIATES, INC.